UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DUNAWAY, | Case No. 1:14-cv-1718-BAM |
| Plaintiff, | **ORDER ON DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants.    / | |

Plaintiff John Dunaway ("Plaintiff" or "Dunaway") brings this action against Defendant California Department of Corrections and Rehabilitation ("Defendant" or "CDCR") arising from the classification of Plaintiff as a sex offender. (Doc. 1, Compl.) Currently before the Court is CDCR's motion to dismiss, filed on February 25, 2015, pursuant to Rule 12(b)(6) for failure to state a claim.[1] (Doc. 12). Plaintiff filed an opposition on March 20, 2015, and CDCR filed a reply on March 26, 2015. (Docs. 13, 14.) On March 26, 2015, the Court held a telephonic status conference and established a supplemental briefing schedule on the question of whether Eleventh Amendment immunity bars Plaintiff's action. (Doc. 16.) Pursuant to the Court's briefing schedule, CDCR filed a supplemental motion to dismiss on April 4, 2015. (Doc. 21.) Plaintiff filed an opposition on June 10, 2015, and CDCR filed a reply on June 15, 2015. (Docs. 22, 24.) Having considered the moving,

---

[1] The parties consented to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment. (Docs. 17, 18). Accordingly, on April 3, 2015, the case was assigned to Magistrate Judge Barbara A. McAuliffe for all purposes. (Doc. 19).

1  opposition, reply papers, the supplemental briefing and the entire file, CDCR's Motion to Dismiss is
2  GRANTED.

## FACTUAL BACKGROUND

4  Plaintiff is a state prisoner incarcerated at Valley State Prison, a CDCR facility. On August 27, 2013, Correctional Officer B. Kravec conducted a search of Plaintiff's cell. Upon searching the cell, Officer Kravec located a letter written to Plaintiff by a fellow inmate, James Burson. (Compl. ¶ 11.) After the letter was found, Inmate Burson spoke with Correctional Officer S. Mares about the contents of the letter. Inmate Burson told Officer Mares that he had written the letter and addressed it to Plaintiff. (Compl. ¶ 12.) In that letter, Inmate Burson writes several flattering comments about Plaintiff, and one could characterize it as a "love letter" written to Plaintiff from Inmate Burson. Plaintiff never responded to the letter and never wrote back to Inmate Burson. (Compl. ¶ 13.) Plaintiff is a heterosexual male. Inmate Burson is a homosexual male. Inmate Burson's sexuality is known to most if not all of the inmates at Valley State Prison. The two inmates are friends, but have never engaged in any illicit or sexual relationship. (Compl. ¶ 14.)

After discovery of the letter, Officer Kravec issued a CDC-128B general informational chronological report (CDC-128B), stating that it was reasonable to believe Inmate Burson and Plaintiff were in an illicit sexual relationship, prohibited by CCR, Title 15 § 3007, Sexual Behavior. Plaintiff was labeled a sex offender as a result of the CDC-128B. (Compl. ¶ 15.) The CDC-128B report is noted on Plaintiff's "C-file" and "bed card." A C-file is the central or main file for an inmate serving time in a state prison. Staff and inmates with special work clearance have access to the C-files. Any inmate with access to Plaintiff's C-file is able to see the CDC-128B stating that Plaintiff and Inmate Burson are believed to be in a sexual relationship. An inmate's "bed card" is a card that is posted outside of each inmate's cell. The "bed card" tells a correctional officer which inmates, if any, the person cannot have contact with. Plaintiff's "bed card" has one name on it: James Burson. (Compl. ¶ 16.)

After the incident was placed in Plaintiff's C-file and Inmate Burson's name was placed on Plaintiff's "bed card," Plaintiff filed a CDCR 602 appeal. The appeal was granted in part, in that Plaintiff and Inmate Burson were allowed to contact each other, but the CDC-128B information

2

1   chrono stating that Plaintiff and Inmate Burson were believed to be engaged in an illicit sexual
2   relationship was not removed from Plaintiff's C-file.  Inmate Burson's name was not removed from
3   Plaintiff's "bed card."  (Compl. ¶ 17.)  Plaintiff filed second and third level appeals of his CDCR 602,
4   which were denied.  (Compl. ¶ 18.)  Plaintiff has never had an administrative hearing, or evidentiary
5   hearing, on the factual allegations in the CDC-128B chrono.  Plaintiff has never had an opportunity to
6   fully and fairly contest the allegations in the CDC-128B chrono.  (Compl. ¶ 19.)

7        Plaintiff alleges that he has been in constant fear for his life and safety since he has been
8   classified as having a relationship with a homosexual inmate.  Plaintiff has not had any physical
9   altercations with other inmates, but has been subject to ridicule and threats due to his classification as
10  being in a relationship with Inmate Burson.  Plaintiff contends that he lives in imminent threat of great
11  bodily harm and/or death due to his classification as a sex offender.  (Compl. ¶ 20.)

12       Plaintiff asserts a single cause of action for violation of his Fourteenth Amendment Due
13  Process rights.

## DISCUSSION

### A. 12(b)(6) Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). Where the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to allege facts sufficient to state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6). A dismissal for failure to state a claim is brought under Federal Rule of Civil Procedure Rule 12(b)(6) and may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

When the court reviews a complaint under Rule 12(b)(6), all of the complaint's material allegations of fact are taken as true, and the facts are construed in the light most favorable to the non-moving party. *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999). However, the court need not accept conclusory allegations,

3

allegations contradicted by exhibits attached to the complaint or matters properly subject to judicial notice, unwarranted deductions of fact, or unreasonable inferences. *Daniels-Hall v. National Educ. Ass'n.*, 629 F.3d 992, 998 (9th Cir. 2010). Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009).[2]

### B. Immunity of CDCR

With the exception of unidentified doe defendants, CDCR is the only identified and named defendant in Plaintiff's action. The Eleventh Amendment erects a general bar against federal lawsuits brought against the state. *Wolfson v. Brammer*, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citation and quotation marks omitted). While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," *Wolfson,* 616 F.3d at 1066, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought. *E.g., Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900 (1984); *Buckwalter v. Nevada Bd. of Medical Examiners*, 678 F.3d 737, 740 n.1 (9th Cir. 2012).

CDCR, as a state entity, is entitled to Eleventh Amendment immunity regardless of the relief sought by Plaintiff. Accordingly, CDCR's motion to dismiss based on Eleventh Amendment immunity shall be granted.

Although Plaintiff is not precluded from maintaining an action for prospective injunctive relief against individual state officials in their official capacity, *Wolfson*, 616 F.3d at 1066; *Pittman v. Oregon, Emp't Dep't*, 509 F.3d 1065, 1071 (9th Cir. 2007), Plaintiff has not named any individual

---

[2] CDCR concurrently filed a request that the court take judicial notice of court records filed in *People of the State of California v. John Edward Dunaway*, Case No. F2471, in Calaveras County Superior Court, including the following: (1) Information filed on February 21, 2002; (2) Transcript of hearing on Plaintiff's plea, judgment, and sentencing on July 17, 2002; and (3) Abstract of Judgment. RJN, Exs. 1, 2, 3. (Doc. 12-2). The Court will take judicial notice of these documents, as they are court records and Plaintiff does not contest their authenticity. *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). CDCR also requests that the court take judicial notice of the CDC-128B Information Chrono, dated August 27, 2013, which is referenced in Plaintiff's complaint. RJN Ex. 4. The Court will take judicial notice of this document as it is referenced throughout the complaint and Plaintiff does not contest its authenticity. *See Dunn v. Castro*, 621 F.3d 1196, 1205 n. 6 (9th Cir. 2010) (courts may examine documents incorporated into the complaint by reference when considering a 12(b)(6) motion); *Lee v. City of Los* Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). Accordingly, the Court GRANTS Defendant's Request for Judicial Notice.

state defendant in his or her official capacity in this action. Plaintiff therefore requests leave to amend in order to name a responsible state official.[3] (ECF No. 22, p. 6.) CDCR does not dispute Plaintiff's entitlement to pursue prospective injunctive relief against a state official in his or her capacity. However, CDCR argues that granting Plaintiff leave to amend to name a state official would be futile in light of other grounds for dismissal.

**C. Leave to Amend**

Federal Rule of Civil Procedure 15(a) provides that a court "should freely give leave [to amend] when justice so requires." The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F. 3d 1048, 1051 (9th 2003) (citations omitted). The Ninth Circuit has summarized the relevant factors to include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). "[L]eave to amend will not be granted where an amendment would be futile." *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F. 3d 991, 1010 (9th Cir. 2008).

Plaintiff's sole cause of action is based on allegations that CDCR violated his Fourteenth Amendment due process rights by (a) labelling him as a sex offender, (b) issuing a CDC-128B stating that Plaintiff was believed to be engaged in an illicit sexual relationship with Inmate Burson; and (c) placing Inmate Burson's name on Plaintiff's "bed card." (Compl. ¶¶ 16, 20, 23.) CDCR moves to dismiss Plaintiffs' due process claim on three separate grounds. First, CDCR argues that Plaintiff's classification as a sex offender is unrelated to the CDC-128B chrono. (Doc. 12-1, 2, 6-7.) Second, CDCR contends that the CDC-128B chrono implicated no liberty interest or any atypical and significant hardship and thus no process was due. (Doc. 12-1 at 2, 4-6) Third, CDCR asserts that the

---

[3] Plaintiff is not seeking any monetary damages. (Doc. 22, p. 6.)

1  "bed card" implicated no liberty interest and, more importantly, the issue is moot because the
2  prohibition against any contact with Inmate Burson was removed. (Doc. 12-1 at 2, 7-9.) CDCR
3  asserts that these grounds render any amendment of Plaintiff's claims futile.
4        The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life,
5  liberty, or property; and those who seek to invoke its procedural protection must establish that one of
6  these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005)
7  (quotation marks omitted). A liberty interest may arise from the Constitution itself or may arise from
8  an expectation or interest created by state laws or policies. *Id.* The existence of a liberty interest
9  created by state law is determined by focusing on the nature of the deprivation. *Sandin v. Conner*, 515
10 U.S. 472, 481-84 (1995). Liberty interests created by state law are generally limited to freedom from
11 restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary
12 incidents of prison life." *Sandin*, 515 U.S. at 484.

      a. Classification as a Sex Offender

14       Plaintiff asserts that his due process rights were violated because he was labelled as a sex
15 offender by issuance of the CDC-128B by Officer Kravec. CDCR contends that Plaintiff's allegations
16 should not be accepted as true because Plaintiff's classification as a sex offender was based on his
17 criminal convictions, not the CDC-128B issued by Officer Kravec.
18       In ruling on a 12(b)(6) motion, the court is not required to accept as true allegations in the
19 complaint that contradict matters that are properly the subject of judicial notice. *Daniels-Hall*, 629
20 F.3d at 998.
21       In Plaintiff's criminal case, *People of the State of California v. John Edward Dunaway*, which
22 is the subject of judicial notice, Plaintiff pled guilty to two criminal counts: Count 1 for violation of
23 California Penal Code section 288.5—unlawfully engaging in three and more acts of substantial sexual
24 conduct or three and more acts in violation of Section 288, with Justine N., a child under the age of 14
25 years, between May 1, 1996, and December 21, 1998, while Dunaway resided with, and had recurring
26 access to, the child; and Count 2 for violation of California Penal Code section 228(a)—unlawfully
27 committing a lewd and lascivious act upon and with the body and certain parts and members thereof of
28 Rachael N., a child under the age of 14 years, between May 1, 1996, and December 21, 1998, with the

1  intent of arousing, appealing to, and gratifying the lust, passions, and sexual desires of Dunaway and
2  Rachael N. (RJN Ex. 1, pp. 1-2; Ex. 2, 7:8-14, 21:1-22:18.) Plaintiff also pled guilty to a special
3  allegation for a serious or violent prior felony—violating California Penal Code section 288(a) by
4  committing a lewd and lascivious act on a child under 14 years of age on or about December 4, 1995.
5  (RJN Ex. 1, p. 2; Ex. 2, 7:15-18, 21:21-22:6.) Following the guilty plea, the Court imposed of
6  sentence of eighteen years. (RJN Ex. 3.)

7      CDCR contends that because of Plaintiff's convictions for violations of California Penal Code
8  section 288(a) and 288.5, it was required to classify Plaintiff as sexual offender under prison
9  regulations. According to prison regulations, "[a]n 'R' suffix shall be affixed to an inmate's custody
10 designation to ensure the safety of inmates, correctional personnel, and the general public by
11 identifying inmates who have a history of specific sex offenses as outlined in Penal Code (PC) Section
12 290." Cal. Code Regs., tit. 15, § 3377.1(b). The "R" suffix must be applied to any prisoner who is
13 required to register as a sex offender under California Penal Code section 290. Cal. Code Regs., tit.
14 15, § 3377.1(b)(1)(A). Persons convicted of violating Penal Code sections 288(a) and 288.5 are
15 among those listed who are required to register as sex offenders under Penal Code section 290. Cal.
16 Penal Code § 290(c).

17     Plaintiff does not dispute that he is or was classified as a sex offender based on his criminal
18 convictions. Indeed, Plaintiff's opposition is silent regarding CDCR's argument that it was required to
19 classify Plaintiff as a sex offender based on his criminal convictions. Given Plaintiff's silence, it does
20 not appear that the deficiency in his allegations regarding his label as a sex offender can be cured by
21 any amendment. In other words, Plaintiff cannot unequivocally assert that he was labelled as a sex
22 offender either by or as a result of the CDC-128B issued by Officer Kravec.

23     Insofar as Plaintiff alleges a stigmatizing effect from the sex offender designation, this is not
24 sufficient to state a claim. The mere stigmatizing effect of an "R" suffix (or sex offender) designation
25 alone does not impose an "atypical and significant hardship on the inmate in relation to the ordinary
26 incidents of prison life." *Wilkinson*, 545 U.S. at 223 (citing *Sandin*, 515 U.S. at 484) (internal
27 quotation marks omitted); *Grandison v. Stainer*, 2012 WL 4026849, at *1 (E.D. Cal. Sep. 10, 2012);
28 *Gaston v. Hedgepeth*, 2012 WL 3903920, at *3 (N.D. Cal. Sep. 7, 2012); *Boyden v. Small*, 2011 WL

455683, at *3 (S.D. Cal. Feb. 3, 2011); *Stevens v. Robles*, 2008 WL 667407, *7-8 (S.D. Cal. Mar. 7, 2008) (sex offender label standing alone did not implicate the kind of deprivations of liberty that require procedural protections); *see also Neal v. Shimoda*, 131 F.3d 818, 828-29 (9th Cir. 1997) (discussing sex offender designation in context of extensive, mandatory treatment program).

For these reasons, the Court finds that any amendment regarding Plaintiff's classification as a sex offender would be futile, including any amendment to name a purportedly responsible state official.

b. CDC-128B

Plaintiff alleges that his due process rights were violated because he never had an opportunity to contest the allegations in the CDC-128B chrono, which expressed Officer Kravec's belief that Plaintiff was involved in an illicit sexual relationship with Inmate Burson. Plaintiff denies any illicit or sexual relationship with Inmate Burson. (Compl. ¶ 14.) CDCR counters that Plaintiff's due process claim fails because the CDC-128B did not implicate a liberty interest.

A prisoner "has no constitutionally guaranteed immunity from being falsely or wrongly accused." *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (prisoner's claim based on falsity of charges, standing alone, does not state constitutional claim); *Johnson v. Felker*, 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.") (citing *Sprouse*, 870 F.2d at 452 and *Freeman*, 808 F.2d at 951-53). Even if the CDC-128B contained false information, such an allegation does not give rise to a claim for relief under section 1983 for violation of the Due Process Clause. *See, e.g., Saffold v. Harltey*, 2008 WL 4534293, *2 (E.D. Cal. Oct. 7, 2008) (prisoner failed to state cognizable due process claim based on prison's failure to remove a CDC-128B chrono from his central file indicating he is gang member; even though prisoner generally asserted that he was in fear for his life, prisoner had no protected liberty interest in his central file); *Epps v. Mendoza-Powers*, 2008 WL 551619, *2 (E.D. Cal. Feb. 27, 2008) (prisoner's allegations of a CDC-128B chrono arising from an unsubstantiated report insufficient to state a due process claim).

1    Plaintiff has not identified a protected a liberty interest involving the issuance of the CDC-
2    128B, even if false.  Indeed, Plaintiff has not alleged that the CDC-128B resulted in conditions of
3    confinement imposing atypical or significant hardships in relation to the ordinary incidents of prison
4    life.  This deficiency does not appear curable by amendment as the CDC-128B does not impose any
5    discipline, change in custody status or loss of credits or privileges.  (RJN Ex. 4.)

6    Plaintiff's additional arguments regarding his fears of great bodily injury by other inmates and
7    the duty of prison officials to protect him from harm are unavailing.  (Doc. 13, pp. 7-8.)  The duty to
8    protect an inmate from violence at the hands of other inmates arises from the Eighth Amendment's
9    prohibition against cruel and unusual punishments, not the Due Process Clause.  *See, e.g.*, *Farmer v.*
10   *Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970, 1976 (1994).  Furthermore, Plaintiff's allegations that he
11   is in "constant danger" from "other inmates" are generalized, conclusory, and insufficient to state a
12   claim.  *Daniels-Hall*, 629 F.3d at 998 (court need not accept conclusory allegations); *Saffold*, 2008
13   WL 4534293 at *2 (generalized assertion of fear not sufficient).  Plaintiff's allegations that other
14   inmates may view this particular CDC-128B in his C-file are, at best, speculative and conclusory.
15   Plaintiff also has not alleged that prison officials are failing in their duty to protect him from harm.
16   Indeed, Plaintiff admits that he has not had any physical altercations with other inmates.  (Compl. ¶
17   20.)

18   For these reasons, the Court finds that any amendment regarding Plaintiff's inability to contest
19   the CDC-128B in violation of the Due Process Clause would be futile, including any amendment to
20   name a purportedly responsible state official.

21        c.   Bed Card

22   Plaintiff seeks injunctive relief by way of a court order directing CDCR to remove Inmate
23   Burson's name from his "bed card."  (Compl. at p. 7.)  CDCR argues that the "bed card" restriction
24   implicated no liberty interest and, notably, Plaintiff's claim for injunctive relief is moot because
25   Plaintiff admitted that the alleged "bed card" restriction has been rescinded. (Doc. 12-1, pp. 7-8.)

26   Plaintiff has not identified a protected liberty interest in unrestricted contact with another
27   inmate.  Neither the Due Process Clause nor state law suggests that Plaintiff has a protected interest in
28   such unrestricted contract.  *See*, *e.g.*, *Wolff*, 418 U.S. at 556 (fact that prisoners retain rights under the

9

Due Process Clause "in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed"); *Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538 (1976) (declining to hold that any change in the conditions of confinement having substantial adverse impact on the prisoner involved is sufficient to invoke the protections of the Due Process Clause; Constitution does not guarantee that a convicted prisoner will be placed in any particular prison); *cf. Overton v. Bazzetta*, 539 U.S. 126, 131, 123 S.Ct. 2162, 2167, 156 L.Ed.2d 162 (2003) ("[A]n inmate does not retain rights inconsistent with proper incarceration," and "freedom of association is among the rights least compatible with incarceration.").

In addition to arguing that Plaintiff fails to identify a liberty interest arising out of his "bed card," CDCR also contends that the issue of the bed card is moot because of Plaintiff's admission that there is no longer a restriction on his contact with Inmate Burson.  Although Plaintiff admits that he was allowed to contact Inmate Burson after his CDCR 602 was granted in part, Plaintiff further alleges that Inmate Burson's name was not removed from his bed card after the appeal.  (Compl. ¶ 17.)  While the Court cannot conclude from the complaint that Plaintiff's request for injunctive relief to remove Inmate Burson's name from his "bed card" is moot, Plaintiff's briefing in this action fails to address—in any manner—CDCR's contention that his request for relief in relation to the "bed card" is moot.  The Court therefore infers from Plaintiff's silence that he has no basis to challenge CDCR's contention that this issue is moot.

For these reasons, the Court finds that any amendment regarding the "bed card" would be futile, including any amendment to name a purportedly responsible state official

### **CONCLUSION AND ORDER**

Based on the foregoing, Defendant's Motion to Dismiss is GRANTED and Plaintiff's complaint is dismissed with prejudice.  The Clerk of the Court is directed to enter judgment in favor of defendant CDCR and against plaintiff John Edward Dunaway.

IT IS SO ORDERED.

Dated:   **June 30, 2015**          /s/ *Barbara A. McAuliffe*        
                                    UNITED STATES MAGISTRATE JUDGE

10